(109 App. Div. 116.)

PEOPLE ex rel. CHAMPLIN et al. v. GRAY et al.

(Supreme Court, Appellate Division, Fourth Department.   November 15, 1905.)

TAXATION—LAND—WHERE TAXABLE.

Under Laws 1902, p. 504, c. 200, § 10, providing that, when a farm is separated by a line between two tax districts, it shall be assessed to him in the district where he resides, and 3 Cumming & Gilbert's Gen. Laws, p. 3875, § 2, defining a tax district to be a political subdivision of the state, having a board of assessors authorized to assess property therein for state and county purposes, and Village Law, § 104, Birdseye's Rev. St. (3d Ed.) p. 3951, making it the duty of village assessors to prepare an assessment in the manner and form required by law for the preparation

of a town assessment roll, a farm consisting of a single tract, a portion of which is in a village and a portion outside of it, on which latter portion the owner resides, is assessable only in the district in which the owner resides, and the portion within the village is not assessable by the village.

Appeal from Special Term, Oneida County.

Certiorari by the people, on the relation of Sarah S. Champlin and another, against Hannibal Gray and others, as the board of assessors of the village of Yorkville, to set aside an assessment against relators' property. From a judgment setting aside the assessment, defendants appeal. Affirmed.

This is a certiorari proceeding instituted by the service of a petition on the 18th day of May, 1903, duly verified by the relators. The defendants made return to the petition, as commanded by the writ. The issues thus raised came on for trial at the Oneida February, 1905, Special Term, when the judgment appealed from was awarded upon the ground that the land in question assessed by the defendants was a part of a farm, the buildings of which were located outside of the boundaries of the village, and were occupied by the owner, and were therefore exempt from assessment in said village.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Thomas Watkins, for appellants.
Josiah Perry, for respondents.

McLENNAN, P. J. The material facts are not in dispute, are correctly found by the trial justice, and upon such facts it would seem clear that the judgment is right, and should be affirmed. The village of Yorkville is located in the town of Whitesboro, county of Oneida. It was organized in 1902, and a portion of the premises of the relators is located within the boundaries of said village. The premises consist of about 23 acres, were used as one farm, and the farm buildings were located outside of the village, and such buildings were occupied by the owners, the relators. The defendants assumed to assess that portion of the farm lying within the village for village purposes. The relators appeared upon grievance day, made objection to the assessment, and insisted then, as now, that none of the premises were assessable in the village of Yorkville, because the portion within its boundary was a part of one farm, the buildings of which were located outside of said village. The statute which was in force at the time, and under which exemption from taxation is claimed, was as follows:

"If a farm or lot is separated by a line between two tax districts and the owner resides there, it shall be assessed to him in the district where he resides." Section 10, c. 200, p. 504, Laws 1902.

The contention of the appellants is that the village of Yorkville is not a tax district, as defined by the statute (section 2, Cumming & Gilbert's Gen. Laws, Vol. 3, p. 3875):

"Tax district as used in this chapter means a political subdivision of the state having a board of assessors authorized to assess property therein for state and county purposes."

Of course, it is clear that while the village is a political subdivision of the state, and has a board of assessors, such assessors are not author-

ized to assess property therein for state and county taxes. They may only assess for village purposes.

It would seem to me unnecessary to follow the course of legislation as enacted by the many statutes to which attention is called in the respective briefs of counsel, except, perhaps, attention should be called to section 1 of the village law, which provides:

"Assessors of a village shall, on or before the first Tuesday of June for a village of the first or second class, and on or before the first Tuesday of May for a village of the third or fourth class, prepare an assessment roll of the persons and property taxable within the village in the same manner and form as is required by the law for the preparation of a town assessment roll." Village Law, § 104, Birdseye's Rev. St. (3d Ed.) p. 3951.

So far as we can discover, the above is the only provision as to the manner and form of assessment to be made by the village assessors. The tax law defines with particularity how assessments shall be made by town assessors. The form of the assessment roll is explicitly given by section 21 of that law, and the assessors of villages are directed to follow the manner and form required in the preparation of a town assessment roll; and, as we have seen by the provision of the statute quoted, town assessors are required to assess property such as that in question in the town where the farm residence is located and occupied, and to assess such a farm in entirety, although a part of the farm is within the district and a part outside.

It seems to me that the case of People v. Wilson, 125 N. Y. 368, 26 N. E. 454, cited by respondents' counsel, is decisive of this case. In that case the relator's farm was located part in the city of Brooklyn and a portion in the town of Flatland and Flatbush, but the dwelling house and farm buildings were located in the city of Brooklyn. It was held that the whole farm, including the portion in both towns, was assessable for all purposes in the city of Brooklyn. This case, although presenting the converse of the proposition, must be controlled by the principle there laid down. Applying the law of that case to the case at bar, if the farm buildings of the relators had been located in the city of Utica, and it adjoined said city, the whole farm would be assessable in the city of Utica, not only for city and county purposes, but for all municipal purposes as well. It would hardly be claimed that it was also to be assessable for municipal purposes in the village of Yorkville. To the same effect is Tebo v. City of Brooklyn, 134 N. Y. 341, 31 N. E. 984. As was said by Justice Haight in Hampton v. Hamsher, 46 Hun, 148:

"These various enactments are a part of the system which the Legislature has from time to time devised for the purpose of assessing property and maintaining the expenses of the state, county, and local government, of which the management of the highways forms a part. The system was intended to be harmonious and uniform, and we cannot believe that it was intended that farms intersected by town lines were to be assessed in one town for one purpose and in another town for another."

The statutes as construed by the decision of the trial justice are harmonious and not in conflict.

The judgment appealed from should be affirmed, with costs, as in an action.

Judgment affirmed, with costs, as in an action. All concur.